Lessee of SAMUEL EMMET *against* JOHN ROBINSON and BENJAMIN ELDER.

Verdict against evidence and the direction of the court, new trial awarded.

A RULE had been obtained, to show cause why a new trial should not be granted.

Shippen, C. J. now reported a state of the evidence as it appeared, before the late Chief Justice and himself, on the trial at York, on the 4th May 1797, as follows:

It appeared that Samuel Emmet, the lessor of the plaintiff, and William Cochran, agreed to purchase from Charles Carrol a large tract of land in York county, called Carrolsburgh, held under a Maryland title, containing 5000 acres.   Carrol gave them separate deeds, a dividing line being made between them.   Some inequality appearing in the partition, Emmet on the 3d February 1764, executed a deed to Cochran for 150 acres of land, to make the partition equal, described by course and distance only. Robinson, the defendant, purchased these 150 acres, and obtained a deed from Cochran, describing the same exactly as in the deed to Cochran, In 1771, Archibald M'Clean, esq., deputy surveyor of York county. at the request of Robinson, run the lines of the 150 acres agreeably to the courses and distances mentioned in his deed, marked trees and put up posts, which appeared to be satisfactory to Robinson.   This tract was not bounded in the deed by the division line between Cochran and Emmet, but one of the lines of Robinson's survey running nearly parallel to the division line, and within 15 or 20 perches of it.   Robinson afterwards claimed to this division line, conceiving that it was agreeable to the original intention, and that it could not be meant to leave a long narrow strip of land between the two lines.   There appeared likewise to be another strip along the side line of about 7 perches wide.   Along this last line (7 perches from the adjoining tract) Robinson's fence was originally placed and still continues, along the line of marked trees, at one end of which line the said Archibald M'Clean had fixed

a post, in the presence of Robinson and Cochran, which yet continues. The plaintiff brings this ejectiment to recover the land, contained within these two strips, amounting to about 35 acres. The defendant's pretensions extend to 30 odd acres more than the 150 acres; by the plaintiff's claim he would have about 1¾ acres less.

The court gave in charge to the jury, that if it was the original intention to grant to the division line, that intention was not carried into execution. That the deed to Cochran, and from him to Robinson, describes the land by course and distance only, without any boundaries whatever. That the land was afterwards run out and marked by M'Clean, at the instance of Robinson, and in his presence, and that of Cochran, from whom the conveyance was made; and that therefore he ought to be bound by it, and the plaintiff was entitled to recover. The jury however, found a verdict for the defendant.

Messrs. Ingersoll and Duncan for the plaintiff, Mr. E. Tilghman for the defendant, submitted to the court's decision, without argument.

By the court. Nothing can be plainer than the present case. Robinson is bound by the marked lines of M'Clean on the survey made, at his instance. It has been more than once determined in York county, and particularly in the case of the lessee of James Cochran *v.* Alexander M'Kisson, tried there in May assizes 1783, that on Maryland titles, where no boundaries are usually expressed, except the place of beginning, and the lands are afterwards run out and marked by a surveyor with the concurrence of the party, those lines shall conclude him; and the variation of the compass ceases to have any influence on the limits of the tract.

Rule for new trial made absolute.